Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DEAN M. CURTIS, JR.,<br><br>and<br><br>DANA M. CURTIS,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-09-BK-02245 GBN<br><br>**TRUSTEE'S RECOMMENDATION**<br><br>(10/6/09) |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

(1) The Plan has preferential treatment for payment to a student loan creditor before other unsecured claims. A student loan debt is not entitled to priority status. So such provision violates the Code's prohibition against unfavorable treatment of claims in the same class.

(2) Based on the Debtors' B22C Form, they could be required to pay 100% of all allowed unsecured claims. However, the Trustee will accept about a 50% payback to unsecured claims ($58,000.00).

Depending on the Debtors' choices, Plan funding would have to be increased substantially. After deducting the tax refund amount of $3,517.00, Plan payments would increase **by** $1,326.00 a month for months 13-60. Debtors can surrender one of their three vehicles or change their expenses in other ways.

(3) Debtors used a document preparer to prepare their documents. The Trustee advises the Debtors that the Bankruptcy Court has enjoined (prohibited) Estelle Gaudreau from preparing bankruptcy documents in any Chapter 13 case.

1     (4) The Trustee advises the Debtors to consult and hire an attorney who would save the Debtors much more money than the cost of such attorney. The Plan fails to provide for the mortgage creditors, but it is the Trustee's understanding from Schedule J that the Debtors current course is to maintain payments on the three mortgage creditors.

    (5) Other requirements:

    (a) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

    (b) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

    (c) The Trustee would prepare the Order Confirming Plan which will state that: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

    (d) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2009 through 2011 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

    SUMMARY: Pursuant to Local Rule 2084-10, **by November 11, 2009,** Debtors are to notify whether they accept the increased plan payments as set forth in paragraph (2) or, if not, give the Trustee what amounts they prefer that gives the required payback to unsecured claims.

Copy mailed to:

Dean M. Curtis, Jr.
Dana M. Curtis
324 West El Camino Drive
Phoenix, Arizona   85021
Debtors